(No. 96-CV-1895—

*In re* APPLICATION OF GLADYS JOHNSON

*Order filed August 22, 1996.*

*Opinion filed February 23, 1998.*

GLADYS JOHNSON, *pro se*, for Claimant.

JAMES E. RYAN, Attorney General (PAUL H. CHO and MICHAEL A. WULF, Assistant Attorneys General, of counsel), for Respondent.

ORDER

PER CURIAM.

This claim arises out of an incident that occurred on November 8, 1995. Gladys Johnson, mother of the deceased victim, Andre Levon Burdette, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq*.

This Court has carefully considered the application for benefits submitted on December 22, 1995, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on November 8, 1995, the victim was shot, allegedly by an offender who was known to him. The incident occurred at 126 Parkview, Johnson City, Illinois. Police investigation revealed that prior to the incident, the victim and the alleged offender were involved in a verbal dispute. During this dispute, the victim produced a lead pipe and smashed out one of the alleged offender's car windows. The victim then threatened to kill the alleged offender and his wife. As a result of these actions, the alleged offender produced a handgun and shot the victim. The alleged offender has been charged with second degree murder and the criminal proceedings are currently pending.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury

or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim produced a lead pipe and threatened to kill the alleged offender during a verbal altercation. As a result of these actions, the alleged offender fatally shot the victim.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

SOMMER, C.J.

This is a claim arising out of the shooting death of the Claimant's son, Andre Leon Burdette, which occurred in Williamson County, Illinois, on November 8, 1995. Gladys Johnson, mother of the deceased victim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act. 740 ILCS 45/1 *et seq*.

This Court originally denied the claim because it found that the deceased victim's conduct contributed to his death. This Court found that the victim was shot by an offender, who was known to him, in Johnston City, Illinois. The police investigation revealed that before the shooting, the victim and the offender were involved in a verbal dispute, and that during the dispute the victim produced a pipe and smashed out one of the offender's

car windows. The police investigation further determined that the victim threatened to kill the offender and his wife, and that immediately thereafter, the offender produced a handgun and shot the victim between the eyes. As a result of the incident, the offender was charged with second degree murder and was subsequently convicted by a jury in Williamson County.

The issue presented by the Claimant, the victim's mother, Gladys Johnson, arises from the fact that the offender was convicted of second degree murder by a Williamson County Jury after a full trial, and the offender's defense of self-defense was rejected by the jury and the Williamson County Circuit Court. Accordingly, the Claimant reasons that since the defense of self-defense on the part of the offender was not successful at the criminal trial, this Court committed error in refusing compensation under the Crime Victims Compensation Act.

Under the Act, section 10.1 indicates factors used to determine entitlement to compensation. Specifically, section 10.1(b) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, and to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

In this case, the victim was killed after he had voluntarily gone to the home of the offender because he was upset that the offender's wife was trying to interfere with the victim's relationship with her daughter. The victim threatened to kill her. Later the same day, the offender and his wife drove to their daughter's apartment with a loaded gun and a wooden club. When they arrived at their daughter's apartment, the victim was there with their daughter and he was intoxicated. The victim then

took a steel pipe and he moved toward the offender and his wife. The offender and his wife then got back in their vehicle, which was running at the time, and the victim broke out the passenger side window of the car with the steel pipe. Thereafter, the offender shot the victim between the eyes although at the time the victim did not have the steel pipe, was holding his hands up, and did not represent an immediate threat to the offender. The steel pipe apparently came out of the victim's hand and went into the front passenger floorboard of the offender's vehicle where it was found by police after the incident. All of this information came from a review by the Court of the trial transcript which describes the death of the victim and the criminal prosecution of the offender.

The Claimant in this case appeared *pro se*, and the Respondent has chosen not to present the Court with any brief on the issues presented. This Court is of the opinion that the fact that the offender is found by a criminal trial jury to have been unjustified in his use of deadly force under a theory of self-defense does not foreclose the question of the victim's actions provoking or contributing to the violent crime for which the Claimant is seeking compensation.

It is clear from the newspaper reports and a review of the trial transcript in Williamson County, that the victim in this case, Andre Levon Burdette, engaged in serious and prolonged provocation, which not only helped to bring about his murder, but which was a motivating cause of the whole unfortunate incident. The offender's failure to establish a defense of self-defense at the trial does not detract from the fact that the victim engaged in prolonged and serious provocation which ultimately resulted in his death at the hands of the offender. The taxpayers should not be required to pay monies on behalf of the

victim, as he was not an innocent victim of crime. Thus, this Court's original decision was correct.

It is therefore ordered that this Court's previous opinion is affirmed and this claim is denied.